Seago *vs.* Harrison *et al.*

---

A. K. SEAGO, plaintiff in error, *vs.* Z. D. HARRISON *et al*, defendants in error.

A bill was filed by S., the complainant, against H. *et al.*, alleging that he purchased a city lot in Atlanta from Sasseen which was subject to a judgment held by Black against Sasseen; that he sold a part of the lot to Smith and executed to him a bond for title thereto; that part of the lot was sold by Smith to H., by a real estate agent, transferring complainant's bond to him; H. on learning that the lot was subject to Black's judgment against Sasseen, from whom the complainant purchased it, refused to pay the purchase-money to Smith; whereupon, Black executed a release to the complainant, releasing that portion of the lot purchased by H. from the lien of his judgment, but expressly stipulated therein that the release should not extend to the remaining portion of the lot, which the complainant alleges was done without his knowledge; the complainant executed a deed to H. for that portion of the lot purchased by him from Smith, H. paying the complainant what Smith had promised to pay him for that part of the lot. Afterwards, Black had his execution levied on the remaining portion of the lot as the property of Sasseen, which was sold by the sheriff, without notice to the complainant (there being no one in possession of that portion of the lot,) which was purchased by Hayden *et al.*, and subsequently sold to Harrison, who afterwards sold the whole lot to Withers. The prayer of the bill is that the sheriff's sale of that part of the lot sold in satisfaction of Black's judgment may be set aside as being void, the defendants be restrained from removing the improvements thereon, and that the same may be declared to be the property of complainant, and turned over to him. There is no allegation in complainant's bill that the defendant's are insolvent:

*Held,* That, if the complainant is entitled to any relief under the statement of facts contained in the record, he has an ample and adequate remedy in a Court of law as in a Court of equity, and that there was no

error in the Court below in sustaining the demurrer to the complainant's bill, and dismissing the same for want of equity.

Equity.   Release of Lien of Judgment.   Before Judge LOCHRANE.   Fulton Superior Court.   October Term, 1870.

Seago bought certain land from Sasseen, on the 8th of August, 1868, sold part of it to one Smith for $1,505 00 on credit, giving Smith his bond for titles.   On the 7th of April, 1869, Smith agreed to sell his part of the land to Harrison for $1,600 00.   Adair, a real estate dealer, negotiated this trade between Seago and Smith and Smith and Harrison.   Harrison informed Adair that he wished a deed directly from Seago, whom Smith had not paid for the land ; Seago agreed to make the deed, provided the consideration expressed in it should be what Smith had agreed to pay him, and to this Harrison assented.   The deed was so made and left with Adair for delivery.   (It is not stated in the bill, but it *seems* that Seago was to get his money out of the price which Harrison was to pay Smith and that Seago did so get it.)

Harrison discovered that the whole of the land was subject to a judgment against Sasseen, for about $800 00, which was controlled by Lawson Black, and notified Adair that he would not accept the deed or pay the $1600 00, unless the part which Seago had conveyed was released from said judgment.   Adair asked Black, as a favor to Smith, to release that part of the land, saying that the part still owned by Seago was ample to discharge the judgment.   Black said he would do so.   Adair prepared a release which Black signed. It did not suit Harrison ; he prepared another and told Adair to pay Black $5 00 for him, Harrison, and get him to sign that one.   Black refused to sign that one, wrote one to his own liking, took the $5 00 ; Harrison accepted this release from Adair, paid him the $1,600 00 and took Seago's deed from him.   The exhibited release states that the $5 00 was paid by Seago and expressly stated that it was agreed that the part of the land still owned by Seago should remain

subject to this judgment.  It was dated the 2d of April, 1869. The date of Seago's deed to Harrison does not appear.  It is averred that "at the time of signing" that deed Seago knew nothing of said release, and " is not privy " to the arrangement for procuring it.

The part of the land still held by Seago was vacant.  In 1870, Black had his *fi. fa.* levied on that part; it was sold by the sheriff to three persons; they subsequently sold it to Harrison, he built a house upon it and subsequently sold the two parts to Withers for $4,250 00, and Withers is now in possession of the whole tract.  Seago knew nothing of this sheriff's sale till after Harrison had improved the lot as aforesaid.

As Black's judgment called for but $800 00, and as Black released $1,600 00 worth of the land from said judgment, under the circumstances as aforesaid, Seago claimed that the judgment was, in law, paid and that therefore the sheriff's sale was void and, of consequence the subsequent conveyances were also void, and he prayed that the Court would so decree.

To this bill Harrison, Black & Withers, the defendants, demurred, upon the ground that the bill contained no equity, and that if Seago was entitled to any relief, his remedy at law was complete.  The demurrer was sustained and the bill was dismissed.  That is assigned as error.

THRASHER & THRASHER, for plaintiff in error.

W. T. NEWMAN; R. H. CLARK, for defendants, said sec. 3608 of the Code applied to *purchasers after* the release, and not to Seago.  A release will not be extended beyond the intention of the parties: 5th G. and J.  Want of notice of sheriff's sale does not affect *bona fide* purchaser: 37th Ga. R., 255; 11th, 423.  Seago's remedy, if any, is against Black for purchase-money: 24th, Ga. R., 40.

WARNER, J.

The demurrer to the complainant's bill was properly sustained by the Court below. If the complainant is entitled to any relief on the statement of facts disclosed by the record, he has as ample and adequate remedy in a Court of law as in a Court of equity.

Let the judgment of the Court below be affirmed.